IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 1, 2022

## JAMES SCARLETT v. AA PROPERTIES, GP

**Appeal from the Circuit Court for Knox County**
**No. 1-132-19 E. Jerome Melson, Judge**

_____

**No. E2021-00615-COA-R3-CV**

_____

In this appeal, the parties have stipulated that the trial court erred in awarding the appellee attorney's fees incurred in an earlier appeal under Tennessee Code Annotated section 20-12-119(c)(1). So we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, J., joined.

Carl Walter Eshbaugh, Knoxville, Tennessee, for the appellant, James Scarlett.

Oliver D. Adam, Knoxville, Tennessee, for the appellee, AA Properties, GP.

## MEMORANDUM OPINION[1]

### I.

On April 11, 2019, Petitioner/Appellant James Scarlett ("Appellant"), filed a

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

petition for a writ of certiorari and supersedeas in the Knox County Circuit Court. Respondent/Appellee AA Properties, GP ("Appellee") responded with a motion to dismiss and a request that it be awarded attorney's fees pursuant to Tennessee Code Annotated section 20-12-119(c)(1).[2]

Eventually, the trial court granted the motion to dismiss by order of July 2, 2019. Appellant appealed to this Court, which affirmed the judgment of the trial court. *See* ***Scarlett v. AA Properties, GP***, 616 S.W.3d 815 (Tenn. Ct. App. 2020), *perm. app. denied* (Tenn. Nov. 16, 2020).

Following the issuance of the mandate, Appellee filed a motion in the trial court for an award of attorney's fees under section 20-12-119(c)(1). The trial court granted the motion by order of May 25, 2021, awarding Appellee attorney's fees in connection with both the trial court proceedings and Appellant's unsuccessful appeal.[3] Appellant thereafter filed the instant appeal with this Court.

Appellant filed his brief on October 20, 2021. The sole issue raised in Appellant's brief was whether the trial court erred in awarding Appellee's attorney's fee incurred on appeal under section 20-12-119(c)(1).

Rather than file a responsive brief, on December 10, 2021, Appellee filed a motion to stay this appeal. Therein, Appellee noted that a recent decision had been issued by the Tennessee Court of Appeals holding that section 20-12-119(c)(1) does not authorize the award of attorney's fees incurred on appeal. *See* ***First Cmty. Mortg., Inc. v. Appraisal Servs. Grp., Inc.***, --- S.W.3d ---, No. W2020-01246-COA-R3-CV, 2021 WL 5561053 (Tenn. Ct. App. Nov. 29, 2021), *perm. app. denied* (Tenn. Mar. 24, 2022). Appellee's motion noted that the time for appealing ***First Community Mortgage, Inc.*** to the Tennessee Supreme Court had not yet expired and asked that this appeal be stayed until all appeals were exhausted in that case. On December 22, 2021, we granted Appellee's motion, staying this appeal until either the expiration of the time for filing a Rule 11 application or the disposition of said Rule 11 application. We noted, however, that the stay would lift automatically upon the happening of either of the two events and that Appellee's brief

---

[2] Section 20-12-119(c)(1) provides as follows:

> Notwithstanding subsection (a) or (b), in a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

[3] The fees awarded were as follows: (1) $1,950.00 for fees incurred at the trial level; and (2) $3,420.00 for fees incurred in the first appeal.

would be due within fourteen (14) days thereafter.

A Rule 11 application was filed in *First Community Mortgage, Inc.* On March 24, 2022, however, the Tennessee Supreme Court denied the application. But Appellee did not file its brief in accordance with our prior order. So, on April 13, 2022, this Court entered a show cause order directing Appellee to file a brief or show cause why this appeal should not be submitted upon the record and the brief of Appellant only.

On April 26, 2022, the parties filed a joint stipulation on appeal that states as follows:

> **WHEREAS**, this appeal asks the Court to determine whether Tenn. Code Ann. § 20-12-119(c) authorizes an award of attorney's fees incurred for appellate work.
> **WHEREAS**, on November, 29, 2021, the Tennessee Court of Appeals, Western Division, issued an opinion in *First Community Mortgage, Inc. v. Appraisal Services Group, Inc.*, No. W2020-01246-COA-R3-CV, 2021 WL 5561053 (Tenn. Ct. App. 2021) holding that Tenn. Code Ann. § 20-12-119(c) does not authorize an award of attorney's fees incurred for appellate work.
> **WHEREAS**, this appeal was stayed to allow the time for requesting permission to appeal the opinion issued in *First Community Mortgage, Inc.* to the Tennessee Supreme Court to expire, which it has now expired.
> **WHEREFORE**, Appellee and Appellant agree that the Trial Court's judgment awarding attorney's fees incurred on appeal was in error based on the subsequent opinion in *First Community Mortgage, Inc.* Appellee and Appellant also agree that costs of this cause should be taxed to Appellee in the care of its attorney.

On April 28, 2022, Appellant, the only party to seek oral argument, filed a motion to waive oral argument. That motion was granted by order of May 3, 2022. This case was submitted on briefs on June 1, 2022.

## II.

The sole issue raised in this case is whether the trial court erred in granting Appellee an award of attorney's fees incurred in a prior appeal under Tennessee Code Annotated section 20-12-119(c)(1). As the parties note, this question was recently resolved in the affirmative. Specifically, in *First Community Mortgage Inc. v. Appraisal Services Group, Inc.*, we held that section 20-12-119(c)(1) does not authorize an award of attorney's fees incurred on appeal. 2021 WL 5561053, at *10. Neither party asserts that our prior opinion

should not control this dispute.[4] In fact, as a result of this Opinion, both parties agree that the trial court's award of attorney's fees incurred on appeal should be reversed.

Based on the foregoing, we conclude that under the authority provided in *First Community Mortgage Inc.*, the trial court erred in awarding fees to Appellee that were incurred during Appellant's first appeal. The trial court's award of $3,420.00 in fees to Appellee associated with Appellant's first appeal is therefore reversed.

### III.

The judgment of the Knox County Circuit Court is reversed, and this matter is remanded to the trial court for further proceedings in accordance with this Opinion. Costs of this appeal are taxed to Appellee, AA Properties, GP, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[4] *First Community Mortgage Inc. v. Appraisal Services Group* has been submitted for publication pursuant to Rule 4 of the Rules of the Tennessee Supreme Court, but has not yet been officially published. *See generally* Tenn. R. Sup. Ct. 4(D) (governing publication of Court of Appeals opinions after the denial of an application for permission to appeal), (G)(2) (stating that opinions reported in the official reporter are controlling authority). The parties do not take issue with applying the *First Community Mortgage Inc. v. Appraisal Services Group* despite its status in limbo.